UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **JAMES EDISON VISCARDIS** | **CIVIL ACTION NO. 1:09-cv-1653** |
| -vs- | **JUDGE DRELL** |
| **THE STATE OF LOUISIANA THROUGH THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, et al.** | **MAGISTRATE JUDGE KIRK** |

## MEMORANDUM RULING AND ORDER

Before the Court is Defendants' motion to dismiss all claims against the state and all individual defendants in their official capacities. (Doc. 12). For the reasons stated below, this motion is GRANTED. Defendants in their answer also raise various other preliminary objections. These are preserved by that answer and unaffected by this ruling and order.

Plaintiff makes essentially a claim in tort for a slip and fall, recast as a constitutional violation under Section 1983, suffered while in the custody of the State of Louisiana at the Avoyelles Correctional Center. He sued the state and various wardens, including in their official capacities, for allegedly having a policy of tolerating spills, among other allegations. Defendants move under the Eleventh Amendment to the United States Constitution to dismiss only those claims brought against the state and the individual defendants in their official capacities.

The Eleventh Amendment provides that states are immune from suit for damages in federal court unless the state consents to suit. *Edelman v. Jordan*, 415 U.S. 651, 662-63, (1974). Even where the state is itself not named as a party, if the action is in essence a suit against the State, the Eleventh Amendment bars the action. *Id.* at 663; *Voisin's Oyster house v. Guidry*, 799 F.2d 183, 186

(5th Cir. 1986). The Fifth Circuit has held that the Louisiana Department of Public Safety and Corrections is protected by the Eleventh Amendment's immunity umbrella. *Champagne v. Jefferson Parish Sherrif's Office, et al.*, 188 F.3d 312, 313 (5th Cir. 1999). Suits for damages against state officials in their official capacity are likewise held to be the equivalent of suits against the state and thus barred by the Eleventh Amendment. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 95-96 (1984); *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996).

Congress has not annulled the states' Eleventh Amendment Immunity in § 1983 actions. *Brennan v. Stewart*, 834 F. 2d 1248, 1251-53 (5th Cir. 1988). Likewise, Louisiana has refused to waive its Eleventh Amendment Immunity – for itself or its officials – for section 1983 violations, and otherwise has only consented to suit in its own state courts for ordinary torts . See LA. REV. STAT. ANN. 13:5106; *Delahoussaye v. New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991).

Consequently, we find that the Eleventh Amendment bars the following claims; accordingly: IT IS ORDERED that Defendants' motion (Doc. 12) is GRANTED, and Plaintiff's claims against the State of Louisiana through the Louisiana Department of Public Safety & Corrections, and, in their official capacities, Warden Cooper, Warden Gremillion, and Sgt. Voinche are DISMISSED, with prejudice and at Plaintiff's cost.[1]

SIGNED on this 30 day of March, 2011 at Alexandria, Louisiana

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs' claims against the individual Defendants in their personal capacities, like Defendants other preliminary objections, are unaffected by this order and remain active for further adjudication.