RECEIVED
SEP 28 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

---

JAMES EDISON VISCARDIS | CIVIL ACTION NO. 09-1653

-vs- | JUDGE DRELL

LYNN COOPER, et al. | MAGISTRATE JUDGE KIRK

---

**RULING**

Before the Court is the Motion for Attorney's Fees and Costs filed by Defendants. (Doc. 46). All responses have been submitted, and the matter is ready for disposition. For the following reasons, the motion will be GRANTED.

## I. Procedural Background

Plaintiff, an inmate at Avoyelles Correctional Center (AVC), filed a claim for injuries against Defendants after slipping and falling in water from a ceiling leak in the AVC Educational Building. (Doc. 1). The Court granted Defendants' Motion for Summary Judgment on February 14, 2012 and dismissed Plaintiff's suit. (Doc. 44). In so doing, we found Plaintiff's claims under § 1983 for slipping and falling did not rise to the level of a constitutional deprivation, and that there was no evidence Defendants acted with deliberate indifference to Plaintiff's medical needs. (Doc. 44). Defendants now request attorney's fees and costs.

## II. Law and Analysis

At the court's discretion, 42 U.S.C. § 1988 allows a prevailing party in a § 1983 case to collect "a reasonable attorney's fee as part of the costs." § 1988(b). Plaintiffs and defendants may recover under § 1988. Fox v. Vice, 131 S. Ct. 2205, 2213 (2011). "§ 1988 authorizes a district court to award attorney's fees to a defendant upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Id. (internal quotations omitted). The Fifth Circuit Court of Appeals "ask[s] whether the case was so lacking in merit that it was groundless, rather than whether the claim was ultimately successful." United States v. State of Miss., 921 F.2d 604, 609 (5th Cir. 1991). In this, an award to a defendant is analyzed differently, and more strictly, than an award to a successful plaintiff. The factors used to evaluate a fees and costs award are "(1) whether plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the district court dismissed the case or held a full-blown trial." Id.

As we explained in our prior ruling on Defendants' summary judgment motion, "slip and fall" negligence claims are not cognizable under § 1983. (See Doc. 44 and cases cited therein.) "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979).

Thus, Plaintiff's slip and fall claim under § 1983 was without foundation, such that Defendants can recover § 1988 attorney's fees and costs to the extent this Court estimates Defendants' counsel actually worked on this case.

Turning to Plaintiff's inadequate medical treatment claims, as we explained in our prior ruling, in order to state a claim for unconstitutional denial of medical attention, a prisoner must show that the medical care was denied or delayed and that the denial or delay amounted to deliberate indifference to his serious medical needs. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Despite Plaintiff's assertion in his opposition to the current motion, our review of the record shows we carefully chronicled the medical records and treatment Plaintiff received in our prior ruling, and we concluded on summary judgment there was "absolutely no evidence that Defendants acted with deliberate indifference." (Doc. 44). Plaintiff did not appeal the ruling and cannot now challenge this Court's legal conclusions. Under the circumstances, Defendants are entitled to § 1988 attorney's fees to the extent proven.

However, we do not agree Defendants should recover the total award they request. The sum sought is excessive compared to the amount of work necessary for this case, based on our review of the docket. In addition, defense counsel does not provide sufficient detail in his records about the purpose of his research in relation to the Defendants' needs in this case. The claimed fees must, therefore, be adjusted accordingly.

The Court finds Defendants are entitled to appropriate attorney's fees of $135 per hour. This fee is based on a 2003 award to Mr. Calvit from this Court of $115 an hour. Forest Martin, et al. v. City of Alexandria, et al., 03-1282; see also Rougeau v. Evans, 03-1889 (awarding $53,128.50 in attorney's fees at $120 an hour for attorney work and $45 per hour for paralegal work with $12,466.93 for costs and expenses); Rougeau v. Boone, 04-1691 (awarding $23,455.00 in attorney's fees at $120 an hour for attorney work and $35 per hour for paralegal work with $3,532.44 for costs and expenses).

Given the passage of time between these awards and the present, we find $135 per hour to be a reasonable rate in this case. However, because of the observed omissions in counsel's lodestar submissions, and the lack of complication in this case, we find the hours logged to be excessive, at least for a court awarded attorney's fee. Defense counsel's well known experience in these types of cases points to the need for less research and more reliance on experience and saved research from other cases. We also note, in passing, that Plaintiff's opposition to the attorney's fee motion merely attacked the whole award, and failed to make any argument or analysis of reasonableness of the amount. That, we must do, on our own.

Accordingly, we award $135.00 per hour for the following number of attorney hours:

H. Bradford Calvit: 151.7 hours, totaling $20,479.50

Andrew E. Shaffer: 4.1 hours, totaling $553.50

Barry Ray Laiche: .5 hours, totaling $67.50

Ronald J. Fiorenza: .3 hours, totaling $40.50

Total Attorney's Fees: $21,141.00

The paralegal hours and amounts are accepted as submitted and are listed as follows:

Tannie F. Swent: 59.1 hours, totaling $2,955.00

Jamie L. Hailey: 73.7 hours, totaling $3,685.00[1]

Total Paralegal Fees: $6,640.00

The total expenses are, likewise, accepted as submitted at $3,278.00. Adding all of the amounts from above, the total award in this matter is $31,059.00.

## III. Conclusion

For the reasons detailed herein, Defendants' Motion for Attorney's Fees and Costs will be granted in the foregoing amounts. An appropriate judgment in conformity will be signed.

SIGNED on this 28th day of September, 2012 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

[1] For this, we assume that the medical records were extensive. Plaintiff did not oppose any of these computations.